to suffer for that failure. If the failure was by reason of the order of the court, the order was erroneous, and is cause for reversal.

We think the judgment should be reversed and the cause remanded for a new trial.

We concur: Hayne, C.; Foote, C.

Per CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed, and the cause remanded for a new trial.

---

## BOYLE v. SOLSTIEN et al.

### No. 11,665; March 1, 1888.

#### 16 Pac. 898.

**Default—Judgment—Motion to Set Aside—Discretion.**—To set aside a judgment by default on motion and affidavits showing that defendant's attorney had suddenly died, and that defendant himself had no knowledge of the case, is not an abuse of the court's discretion.

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

John Boyle sued H. A. Solstien and J. A. Arden, executors of Patrick Foley. Judgment against defendant by default, proper service having been made. On motion and affidavits, after notice to plaintiff, the same was set aside, and defendant allowed to plead, on the ground of excusable surprise, inadvertence, and neglect in that defendant's attorney in charge of the case had suddenly died, and defendant himself had no knowledge of it. From this order plaintiff appeals.

J. M. Wood for appellant; Charles F. Hanlon for respondent.

Per CURIAM.—The court did not abuse its discretion in granting the motion to set aside the default and judgment. Order affirmed.